IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>      vs.<br><br>BIRD BRAIN, INC., CHRISTINA M. NORRIS, TAI HAWK and LOWE'S HOME CENTERS, INC.,<br><br>      Defendants. | Case No. 14-cv-721-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff and Defendant Bird Brain, Inc's Motion to Approve Consent Judgment (Doc. 30). The parties have attached a copy of the proposed Consent Judgment (Doc. 30-1) signed by Courtney King, the sole shareholder of Bird Brain, Inc. They have also attached the "Affidavit of Courtney King" (Doc. 30-2) attesting that Courtney King is "the sole shareholder of Bird Brain, Inc." and has "the authority to make decisions on behalf of the corporation." The Court notes that counsel has not entered an appearance on behalf of Bird Brain, Inc. in the instant case. However, in the related case of *Norris, et al. v. Bird Brain, Inc., et al.*, Case No. 13-cv-813, Bird Brain, Inc. is represented by counsel.

It is well-settled that a corporation cannot proceed *pro se*, even by its sole shareholder. *Nocula v. UGS Corp.*, 520 F.3d 719, 725-26 (7th Cir. 2008). It follows that a shareholder cannot sign a settlement agreement or consent judgment on behalf of a corporation. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006). For instance, in *Grace v. Bank Leumi Trust Co. of NY* the Second Circuit found a judgment void where the settlement was signed by a shareholder rather than an attorney. *Id*. at 193.

Here, the sole shareholder cannot represent the interests of Bird Brain, Inc. in signing a consent judgment. Any resulting judgment would be void. As such, the Court **DENIES** the Motion to Approve Consent Judgment (Doc. 30).

**IT IS SO ORDERED.**

**DATED:** April 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
